**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re:

SH Distribution, Inc.                                    Case No. 12-24321-PGH
f/k/a Safehands, Inc.
                                                         Chapter 7
          Debtor.
_____/

## RESPONSE TO CLAIM OBJECTIONS AND MOTION TO STRIKE

Creditors, Procon Management Services, Inc. ("Procon") and International Business Development Services Inc. ("IBDS"), by and through undersigned counsel, respond to the Debtor's objection [D.E. 27] to Procon and IBDS's claims [Claims 3-1 & 4-1] and state:

## BACKGROUND

1.      On June 12, 2012 (the "Petition Date"), SH Distribution, Inc. filed a voluntary petition under chapter 7 of the Bankruptcy Code.

2.      On October 15, 2012, Procon and IBDS timely filed their proofs of claim [Claim 3-1] and [4-1].

3.      On November 13, 2013, Procon conducted 2004 examinations of the Debtor's corporate representative and its principal, Jay Reubens ("Reubens"), which evidenced that prior to the Petition Date, the Debtor and Reubens fraudulently transferred all of the Debtor's assets and operations to SafeHands, LLC, a Delaware Limited Liability Company.

4.       On June 10, 2013, nearly eight months after the proof of claim deadline, Reubens filed an untimely proof of claim. [Claim 6-1].

5.      On June 10, 2013, the "Debtor" filed an objection to Procon's and IBDS's proofs of claim (the "Objection"). [D.E. 27]

6.      On June 12, 2013, Reubens, through the same attorney, filed a joinder in the Objection (the "Joinder") [D.E. 28].

7.      Both the "Debtor" and Reubens lack standing to object to the claim. Their objections are false, inaccuarate and in bad faith. They directly contradict the schedules signed by Jay Reubens under penalty of perjury [D.E. 18, page 11], and should be overruled in their entirety.

## ANALYSIS

### A.  Other than the Chapter 7 trustee, no one has authority to act on behalf of the Debtor

8.      Unlike an individual Chapter 7 debtor, a corporate debtor ceases to exist as an entity separate and apart from the estate upon the filing of Chapter 7 petition. Furthermore, the exclusive procedure for employment of attorneys for the estate is governed by 11 U.S.C. §§ 327 and 330. The retention by the Debtor of an attorney post-petition is impossible, as the Chapter 7 trustee, the only individual authorized to act on behalf of the Debtor has not so authorized.  Thus, no attorney was authorized to file the objection post-petition, and the Objection should be stricken.

### B.  Neither the Debtor nor Reubens has standing to object to claims

9.      "Courts have consistently held that a chapter 7 debtor is not a party in interest for the purpose of objecting to creditor claims." *Caserta v. Tobin*, 175 B.R. 773, 774-75 (S.D. Fla. 1994). "Courts ... have limited the right of a general creditor to object to a claim of another creditor ... in order to promote a more orderly administration of the estate." *In re The Charter Co.*, 68 B.R. 225, 227 (Bankr.M.D.Fla.1986).

10.     "An individual creditor is not generally afforded standing to object to another creditor's claim unless the chapter 7 trustee refuses to object, notwithstanding a request to do so,

and the bankruptcy court permits the creditor to object in the trustee's stead." *In re Thompson*, 965 F.2d 1136, 1147 (1st Cir.1992). Even assuming that debtor's shareholder could be regarded as creditor, despite his failure to timely file any proof of claim, he does not have standing, as creditor, to object to other creditors' claims. *In re Manshul Const. Corp.* 223 B.R. 428 (Bankr.S.D.N.Y. 1998). Even if Reubens somehow is a creditor and would otherwise have standing to object, he still could only object if he were to show that he would be entitled to some amount of surplus. *Matter of Sinclair's Suncoast Seafood, Inc.*, 140 B.R. 588 (Bankr.M.D.Fla.1992). He has not. Especially considering there are nearly $2 Million in scheduled debts, and Reubens' Proof of Claim was not timely filed, any possibility that he would have some chance of recovery (and thus the "injury in fact" required for standing) is non-existent.

### C.  The Objection and Joinder contradict the sworn declaration of Reubens

11.     The schedules list Procon and IBDS as undisputed, liquidated, noncontingent creditors. [D.E. 18, page 7]. In fact, Reubens swore to the truth of such an assertion under penalty of perjury. [D.E. 18, page 11]. To file an objection to such an undisputed and scheduled debt is improper and in bad faith, and likely perjury. *In re MacFarland*, 462 B.R. 857 (Bankr.S.D.Fla. 2011). The objecting party bears the burden in such a case. *Id.* As Judge Mark has noted, "it is not appropriate, for example, to seek an Order striking a $1,361.96 claim in its entirety . . . if the debtor has scheduled the claim as undisputed and liquidated in the amount of $1,320.00." *In re Felipe*, 319 B.R.730, 735 n. 3 (Bankr.S.D.Fla. 2009).

12.     In conclusion, neither the Debtor nor Reubens has standing to object, and their objections have no merit. As such, the Objection and Joinder should be overruled and stricken.

WHEREFORE, Procon and IBDS request this Court overrule and strike the Objection and Joinder thereto, assess fees and costs against Jay Reubens, and enter such other and further relief as is just and equitable.

Respectfully submitted,

**MARSHALL SOCARRAS GRANT, P.L.**
Attorneys for Procon and IBDS
197 South Federal Highway, Suite 300
Boca Raton, Florida  33432
Telephone No. 561.672.7580
Facsimile No. 561.672.7581
Email:  jgrant@marshallgrant.com


By:     /s/ Lawrence E. Pecan                    
       LAWRENCE E. PECAN
       Florida Bar No. 99086

**CERTIFICATE OF SERVICE**

      I HEREBY certify that on this 8th day of July, 2013, I electronically filed the foregoing document with the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all parties and counsel of record identified on the attached Service List via U.S. Mail and transmission of Notice of Electronic Filing generated by CM/ECF.

                    By:     /s/ Lawrence E. Pecan          
                          LAWRENCE E. PECAN

**SERVICE LIST**

**12-24321-PGH Notice will be electronically mailed to:**

Brett M Amron, Esq. on behalf of Trustee Nicole Testa Mehdipour
bamron@bastamron.com,
jeder@bastamron.com,dquick@bastamron.com,mdesvergunat@bastamron.com,jmiranda@bastamron.com,afiorentino@bastamron.com

Morgan B. Edelboim, Esq. on behalf of Trustee Nicole Testa Mehdipour
medelboim@bastamron.com, mdesvergunat@bastamron.com;jmiranda@bastamron.com

Joe M. Grant, Esq. on behalf of Creditor ProCon Managment Services
jgrant@marshallgrant.com, efile@marshallgrant.com;mg197ecfbox@gmail.com

Philip J Landau on behalf of Creditor Jay Reuben
plandau@sfl-pa.com, lrosetto@sfl-pa.com;blee@sfl-pa.com;vchapkin@sfl-pa.com;pdorsey@sfl-pa.com

Philip J Landau on behalf of Debtor SH Distribution, Inc. f/k/a Safehands, Inc.
plandau@sfl-pa.com, lrosetto@sfl-pa.com;blee@sfl-pa.com;vchapkin@sfl-pa.com;pdorsey@sfl-pa.com

Joshua M Liszt on behalf of Debtor SH Distribution, Inc. f/k/a Safehands, Inc.
josh@thebankruptcygroupofflorida.com, bankfirstaide@aol.com;april@gllawcenter.com

Nicole Testa Mehdipour
cm_ecf@mehdipourtrustee.com,
FL80@ecfcbis.com;ntm@trustesolutions.net;trustee@mehdipourtrustee.com;bcasey@mehdipourtrustee.com;ksalamone@mehdipourtrustee.com;mdm@mehdipourtrustee.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov